**FILED**

AUG - 1 2002

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY_____
            DEPUTY CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----ooOoo----

RICHARD H. DANGLER, JR.,

      Plaintiff,

  v.

ATLANTIS RESORT & CASINO, et al.,

      Defendants.

NO. CIV. S-01-1228 WBS DAD

MEMORANDUM AND ORDER

----ooOoo----

      This diversity suit arises out of plaintiff Richard Dangler's alleged slip and fall at defendants' resort hotel in the Bahamas. Defendant Sun International Hotels Ltd. ("SIHL") now moves to dismiss on the grounds of forum non-conveniens, improper venue, and lack of personal jurisdiction. Plaintiff opposes this motion despite an earlier statement by plaintiff's counsel that "jurisdiction is so tenuous" that he could "just barely" avoid violating Rule 11 by arguing that this action should remain in this district. (Pl's Ex Parte Application for

Order Transferring Case to Southern District of Florida).[1]

## I. Factual and Procedural Background

Plaintiff sues numerous defendants for an alleged slip and fall accident that occurred at the Atlantis Hotel Resort and Casino in the Bahamas. The Atlantis Hotel Resort and Casino, one of the named defendants, is owned and operated by the Island Hotel Company, Paradise Island, Ltd., and Sun Bahamas, which are also named as defendants. (Pyfrom Decl. ¶ 3.) The Island Hotel Company, Paradise Island, Ltd., and Sun Bahamas are indirectly or wholly owned subsidiaries of the moving party, defendant SIHL. SIHL and its subsidiaries are all incorporated and have their primary place of business in the Bahamas. (Pyfrom Decl. ¶¶ 3, 4.)[2]

## II. Forum Non Conveniens

Although plaintiff opposed SIHL's motion to the extent it was premised on lack of personal jurisdiction and the forum selection clause, plaintiff's brief failed to address SIHL's argument that the claims against it should be dismissed under the doctrine of forum non-conveniens. For the reasons discussed below, the court finds that dismissal on the grounds of forum non

---

[1] Pursuant to Local Rule 78-230, plaintiff is not entitled to be heard in opposition to SIHL's motion at oral argument because he did not timely file a written opposition. Accordingly, the court finds this case suitable for decision without oral argument.

[2] Plaintiff's complaint also names the Loews Corporation, Loews Hotels & Resorts, Loews Entertainment, Trump Enterprises, Trump Hotel & Casino Resorts, and Donald Trump as defendants. Plaintiff has voluntarily dismissed these defendants from the case. (See Pl's Status Report, June 3, 2002.) It appears that the remaining defendants are all incorporated and have their principal place of business in the Bahamas.

2

conveniens is appropriate. Accordingly, the court does not address the other grounds for dismissal advanced by SIHL.

Dismissal for forum non-conveniens is appropriate if (1) there exists an adequate, alternative forum in which to litigate the controversy; and (2) the balance of all relevant public and private factors favors dismissal. Piper Aircraft Co. v. Reyno, 454 U.S. 235, 254 n. 22, 257 (1981); Gulf Oil Co. v. Gilbert, 330 U.S. 501, 506-08 (1947).

### A. Adequate Alternative Forum

Courts have repeatedly found that the Bahamas is an adequate alternative forum for trying a personal injury case such as the one at issue here. See Morse v. Sun Int'l Bahamas, Ltd., Case No. 98-7451-CIV-Jordan (S.D. Fla. Feb. 26, 2001) aff'd without opinion by 277 F.3d 1379 (11th Cir. 2001); Sun Trust Bank v. Sun Int'l Hotels, Ltd., 184 F. Supp. 2d 1246 (S.D. Fla. 2001). The Bahamian legal system is patterned after the English system, allows access to evidence and witnesses, and supports the enforcement of judgments. (Pyfrom Decl. ¶ 19.) Accordingly, the Bahamas is an adequate alternative forum in which to hear this case.

### B. Balance of Private and Public Interest Factors

Defendants must also show that they will suffer "oppressiveness and vexation . . . out of all proportion to plaintiff's convenience" by having to try the case in the Eastern District of California, or that "considerations affecting the court's own administrative and legal problems" make this forum inappropriate. American Dredging Co. v. Miller, 510 U.S. 443 (1994)(quoting Piper Aircraft, 454 U.S. at 241); Ravelo Monegro

3

1 v. Rosa, 211 F.3d 509-413-14 (9th Cir. 2000).

2       1.  Private Interest Factors

3       Private interest factors relevant to this analysis
4 include the relative ease of access to sources of proof,
5 availability of compulsory process for attendance of unwilling
6 witnesses, the cost of obtaining such witnesses, the possibility
7 of a view of premises, and "all other practical problems that
8 make trial of a case easy, expeditious, and inexpensive." Gulf
9 Oil Co., 330 U.S. at 508.

10       The Bahamas is the site of plaintiff's alleged
11 accident, and many of the relevant witnesses are located in the
12 Bahamas, including: (1) the medical staff who examined the
13 plaintiff after the alleged incident; (2) two resort employees
14 who, according to plaintiff's complaint, aggravated his injuries
15 by moving him after his fall and made damaging statements; (3)
16 and hotel employees and independent contractors involved in the
17 maintenance and construction of the area of the alleged incident.
18 (Pyfrom Decl. ¶ 17.) Other than plaintiff, who resides in
19 California, the court is aware of no other witnesses outside of
20 the Bahamas who would have relevant testimony to offer.

21       Any documentary evidence involving the site of the
22 alleged incident, or the management, operation, control and
23 maintenance of the site is also in the Bahamas. (Id.) Although
24 it is unlikely that a viewing of the premises in question will be
25 necessary, this could be best accomplished in the Bahamas. Thus,
26 it appears that the great majority of the relevant evidence is
27 located in the Bahamas. Plaintiff has not suggested otherwise.

28       In addition, there is no indication that it would be a

4

1  hardship for plaintiff to litigate this case in the Bahamas.  In
2  fact, earlier in this litigation, plaintiff filed an ex parte
3  application to transfer this case to the Southern District of
4  Florida, which is much closer to the Bahamas than the Eastern
5  District of California.  (See Pl's Ex Parte Application for Order
6  Transferring Case to Southern District of Florida).  Although the
7  plaintiff's choice of forum is ordinarily accorded some
8  deference, in this case the plaintiff has requested by his own
9  motion that the case be transferred to a different forum.
10 Accordingly, the private interest factors weigh in favor of
11 dismissal.

      2.  <u>Public Interest Factors</u>

The court must also consider public interest factors, including docket congestion, costs to the community in the present forum in terms of judicial resources and jury duty, the interest in litigating localized controversies locally, and the interest in having the dispute adjudicated in the location whose law governs the dispute.  <u>Gulf Oil Co.</u>, 330 U.S. at 508. Bahamian law may apply to this controversy.  Moreover, the events giving rise to this action occurred at SIHL's resort in the Bahamas, and the Bahamas has a strong interest in litigating controversies involving the tourism - one of its major industries.  California's interest in litigating this case is de minimis, by contrast.  See <u>Morse</u>, Case No. 98-7451-CIV-Jordan (finding that the Bahamas had a greater interest than Florida in litigating the personal injury claim of a Florida citizen, because the case involved questions vital to the Bahamian tourist industry); <u>Kristoff v. Otis Elevator Co.</u>, 1997 WL 67797 No. Civ.

1  A 96-4123 (E.D. Pa Feb. 14, 1997)(finding that the Bahamas had a
2  greater interest in assessing the liability of an alleged
3  tortfeasor than Pennsylvania did, even though the plaintiff was a
4  Pennsylvania resident).
5         The fact that the great weight of the relevant evidence
6  is in the Bahamas, coupled with the strong public interest in
7  resolving this controversy in the Bahamas, warrants dismissal of
8  this action for forum non-conveniens.  See Foster v. Sun
9  International Hotels, No. 01-1290 CIV King (S.D. Fla. Feb. 4,
10 2002)(dismissing slip and fall case for forum non-conveniens
11 where there were "far more witnesses and documents in the
12 Bahamas" than in the forum state, Bahamian law would apply, and
13 the Bahamas had a "very strong interest" in regulating the
14 conduct of Bahamian defendants and the duty owed to visitors to
15 an important resort).
16        IT IS THEREFORE ORDERED that SIHL's motion to dismiss
17 be, and the same hereby is, GRANTED.
18 DATED: July 31, 2002

                              WILLIAM B. SHUBB
                              UNITED STATES DISTRICT JUDGE

```
            United States District Court
                       for the
              Eastern District of California
                    August 1, 2002

              * * CERTIFICATE OF SERVICE * *

                                  2:01-cv-01228

    Dangler

        v.

    Atlantis Resort
```

---

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Eastern District of California.

That on  August 1, 2002, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office, or, pursuant to prior authorization by counsel, via facsimile.

```
    Ronald Lloyd Melluish                SH/WBS
    Law Offices of Ronald L Melluish
    PO Box 2800                          PB/DAD
    Elk Grove, CA  95759-4818

    Adrienne C Publicover
    Kelly Herlihy and Klein
    44 Montgomery Street
    Suite 2500
    San Francisco, CA  94104
```

                                        Jack L. Wagner, Clerk

                                    BY: *L. Mena-Sanchez*
                                        Deputy Clerk